

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2009

# USA v. Jose Edgar Padilla

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2811

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Jose Edgar Padilla" (2009). *2009 Decisions.* Paper 1518.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1518

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-2811

———

UNITED STATES OF AMERICA

v.

JOSE EDGAR PADILLA,

Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-06-cr-00321-001)
District Judge: Honorable William W. Caldwell

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 17, 2009

Before: McKEE, SMITH, and VAN ANTWERPEN, Circuit Judges.

(Filed: April 20, 2009)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, Circuit Judge.

Jose Padilla appeals the District Court's June 17, 2008, judgment of conviction and

sentence. We will affirm.

On August 15, 2006, the Dauphin County Drug Task Force arrested William Holland after he sold an undercover detective one half ounce of cocaine base. Holland agreed to cooperate with law enforcement officers and informed them that the supplier of the cocaine base was a man he knew as "Joey," whom officials later determined to be Appellant Jose Padilla. The next day, in a phone call arranged and recorded by authorities, Holland called Appellant to discuss Holland's repayment of existing drug debt and the purchase of more cocaine.

On August 17, 2006, Holland, while under close surveillance by authorities, telephoned Appellant and arranged for the two to meet so that Holland could purchase cocaine using $1,200 in marked currency. Holland then entered Appellant's apartment building and emerged with 17.6 grams of cocaine base. On August 23, 2006, Holland called Appellant and arranged to purchase more cocaine and to repay existing drug debt, including some incurred during the August 17 purchase. Appellant later called Holland to inform the latter of his belief that he was under observation by law enforcement officials. When Holland arrived at Appellant's home, Appellant informed him that they should meet at a different location; Appellant was arrested upon leaving the home, a search of which revealed $6,000 in cash hidden in a stove vent.

A federal grand jury returned an indictment charging Appellant with, "[o]n or about August 17, 2006," possessing with the intent to distribute and distributing over five

grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). On January 18, 2007, Appellant signed a proffer agreement, pursuant to which he provided a statement to the government indicating his involvement in a cocaine distribution organization; the government agreed that "nothing contained in the oral proffer . . . will be used against [Appellant] in the government's case-in-chief in any criminal case. . . . [T]here will be no limitations on the right of the United States to make derivative use of the information provided by [Appellant]."

After failing to reach a plea agreement with the government, Appellant proceeded to a jury trial, where Appellant testified that he sold powder cocaine to Holland on August 16, 2006, allowed Holland to use his apartment while Holland cooked the powder cocaine into cocaine base, and kept the cocaine base at his apartment until Holland retrieved it the next day. The defense theory of the case was that Appellant was not guilty of the charged crime because he actually delivered powder cocaine—and not cocaine base—on August 16, 2006, not August 17, 2006.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## III.

Because the indictment charged Appellant with crimes occurring "on or about" August 17, 2006, defense counsel, claiming a lack of notice and inadmissibility under

Federal Rule of Evidence 404(b), made a pretrial oral objection attempting to exclude evidence of Holland's August 23 attempt to buy cocaine from Appellant. In response, the government argued that the August 23 interaction was "all part of the [August 17 transaction] . . . the money that was supposed to be delivered on August 23rd . . . was in payment for the [August 17] transaction." Appellant now appeals the District Court's admission of that evidence. We exercise plenary review over decisions involving the interpretation of the rules of evidence, but, "assuming the evidence could be admissible in some circumstances," we review the decision to admit it for an abuse of discretion. *United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003).

Rule 404(b) "'does not apply to evidence of uncharged offenses committed by a defendant when those acts are intrinsic to the proof of the charged offense.'. . . Acts are intrinsic when they directly prove the charged [crime]." *United States v. Hoffecker*, 530 F.3d 137, 189 (3d Cir. 2008) (quoting *United States v. Gibbs*, 190 F.3d 188, 217 (3d Cir. 1999)). Evidence of the August 23 transaction provides direct proof of the August 17 transaction because, as Holland testified, part of the purpose of the August 23 transaction was to pay back debt incurred during the August 17 purchase. The District Court thus did not abuse its discretion in admitting evidence about the events occurring on August 23.

Appellant's next argument is that the District Court erred when it refused to charge the jury on the lesser included offense of simple possession of cocaine base. A district court's refusal to give a requested jury instruction is reviewed by this Court under an

abuse of discretion standard.  *United States v. Leahy*, 445 F.3d 634, 642 (3d Cir. 2006).  A jury instruction must contain a lesser included offense "only if the evidence adduced at trial could support a guilty verdict on either charge."  *Government of Virgin Islands v. Knight*, 989 F.2d 619, 633 (3d Cir. 1993).  In light of the evidence presented at trial, which included evidence that, on August 17, 2006, Holland entered Appellant's home with no contraband and emerged with 17.6 grams of crack cocaine, the District Court did not abuse its discretion in determining that no reasonable jury could find Appellant guilty of simple possession.

Appellant's other contentions are without merit.  He contends that the District Court calculated his Guidelines range based on facts that were improperly derived from information provided by Appellant pursuant to a proffer agreement with the Government.  This argument is disposed of by reference to the proffer agreement itself, which explicitly states that "there will be no limitations on the right of the United States to make derivative use of the information provided by [Appellant] in his proffer."  *See* U.S.S.G. § 1B1.8 (When "the government agrees that self-incriminating information provided pursuant to [a proffer] agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, *except to the extent provided in the agreement*[.]") (emphasis added).  Appellant also contends that he was entitled to a Guidelines reduction for acceptance of responsibility. Because it was not clear error for the District Court to conclude that Appellant, who denied making a

delivery of cocaine base on August 17, 2006, was not entitled to the reduction, this claim also fails. *See United States v. Boone*, 279 F.3d 163, 193 (3d Cir. 2002); U.S.S.G. § 3E1.1, comment. (n.2) ("This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt.").

IV.

For the reasons stated above, we affirm the judgment of conviction and sentence of the District Court.